```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

CATHERINE A. MIRABILIO,            :
                                   :
        Plaintiff,                 :
                                   :
V.                                 :   Case No. 3:11-CV-1468 (RNC)
                                   :
REGIONAL SCHOOL DISTRICT 16,       :
                                   :
        Defendant.                 :

                              RULING

Plaintiff, a teacher, brings this action against her employer, the defendant school board, challenging the reduction of her position from full-time to half-time on the ground that it violates her rights under Connecticut General Statute § 10-151 and the Due Process Clause of the Fourteenth Amendment. Defendant has moved to dismiss the amended complaint, arguing that it fails to state a claim on which relief may be granted and, in the alternative, that subject matter jurisdiction is lacking because plaintiff failed to exhaust available administrative remedies. For the following reasons, the motion is granted.

I. Background

Plaintiff, a tenured culinary arts teacher, alleges that the school board deprived her of her due process rights under the Fourteenth Amendment and violated Connecticut's Teacher Tenure Act ("TTA"), Con. Gen. Stat. § 10-151, by failing to provide her with notice and a hearing before reducing her tenured teaching position from full- to half-time. Plaintiff seeks a declaratory

judgment, a permanent injunction requiring defendant to reinstate her as a full-time teacher, reimbursement of lost salary and benefits, and other money damages.

On May 12, 2011, the superintendent of schools, acting as an agent of the school board, sent plaintiff a letter informing her that the board had voted to reduce her position from full-time to half-time.  The parties agree that Section 10-151 is the "sole and exclusive mechanism for terminating the contract of a teacher", Am. Compl. at ¶5, but disagree as to whether it applies when a tenured teaching position is reduced from full- to half-time such that the statutory requirements for termination should have been followed in this case.[1]

Plaintiff initiated this action in Connecticut Superior Court on September 1, 2011, and defendant removed the case to this Court on September 20, 2011.  Shortly thereafter, defendant filed a motion to dismiss asserting, as here, that plaintiff's complaint failed to sufficiently allege a statutory or constitutional violation and, alternatively, that the Court lacks subject matter jurisdiction due to plaintiff's failure to exhaust available administrative remedies.  The motion to dismiss was

---

[1] The statute provides, in relevant part: "Prior to terminating a contract, the superintendent [of schools] shall give the teacher concerned a written notice that termination of such teacher's contract is under consideration and, upon written request filed by such teacher with the superintendent, within seven days after receipt of such notice, shall within the next succeeding seven days give such teacher a statement in writing of the reasons therefor. Within twenty days after receipt of written notice by the superintendent that contract termination is under consideration, such teacher may file with the local or regional board of education a written request for a hearing."  Conn. Gen.  Stat. Ann. § 10-151(d).

granted; the equal protection claim was dismissed with prejudice and the due process claim was dismissed without prejudice to the plaintiff's right to reassert the claim in an amended complaint. Plaintiff submitted an amended complaint on October 25, 2012. In the pending motion to dismiss, defendant again asserts that plaintiff fails to state a claim on which relief may be granted and, in the alternative, that even if plaintiff states a claim the Court lacks subject matter jurisdiction.

II. Due Process Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her complaint that would entitle her to relief. King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999). In deciding a motion to dismiss, well-pleaded facts must be accepted as true and considered in the light most favorable to the plaintiff. Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007).

To state a due process clause claim, plaintiff "must show that she has a property interest, created by state law, in the employment or the benefit that was removed." Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996). "It is clear that section

10-151 does create such a protectable property interest." Zimmerman v. Bd. of Educ. of Town of Branford, 597 F. Supp. 72, 76 (D. Conn. 1984).  The statute provides that "[t]he contract of employment of a teacher who has attained tenure shall be continued from school year to school year" and enumerates grounds for termination as well as pre-termination notice and hearing requirements designed to protect tenured teachers.  Conn. Gen. Stat. Ann. § 10-151(d).  However, although "[t]he right to continued employment is a property right protected under the due process clause", see Sekor v. Bd. of Educ. of the Town of Ridgefield, 240 Conn. 119, 129 (1997)(citations omitted), "personnel decisions short of termination do not constitute a deprivation of a property interest" cognizable under the Fourteenth Amendment.  Wargat v. Long, 590 F. Supp. 1213, 1215 (D. Conn. 1984).  Because under Connecticut law a teacher who is reduced from full-time to part-time employment has not been terminated within the meaning of the TTA, plaintiff fails to state a due process claim on which relief can be granted.

Connecticut courts have consistently found that changes to employment status, even when accompanied by substantial reductions in salary, do not fall within the definition of "termination" under the TTA and are not subject to the statute's protections or judicial review.  See Delagorges v. Bd. of Educ. of Town and City of West Haven, 176 Conn. 630 (1979) (holding that school administrators reassigned to teaching positions were

not terminated within the meaning of the TTA and thus the reassignments were not subject to judicial review); Cimochowski v. Hartford Pub. Sch., 261 Conn. 287, 297 (2002) (clarifying that "in Delagorges . . . we concluded that, because the two plaintiffs had not been terminated, the act did not apply"); id. at 293 (noting that the reassignments from administrative to teaching positions in Delagorges had resulted in "substantially reduced salary"). See also Sch. Adm'rs Ass'n of New Haven v. Dow, 200 Conn. 376, 385 (1986) ("10-151(d) does not apply to . . . plaintiffs whose positions were being eliminated but whose employment with the board continued."); Candelori v. Bd. of Educ. of the City of New Britain, 180 Conn. 66, 67-69 (1980) (reassignment of school administrators to teaching positions resulting in substantial reduction in their salaries did not constitute termination).  The present case, in which the plaintiff has been reassigned from a full- to half-time teaching position with a substantial reduction in salary, is analogous. Because plaintiff's position has not been terminated or discontinued within the meaning of the statute, she is not entitled to the TTA's pre-termination protections and fails to allege a cognizable due process claim.

In opposing defendant's motion to dismiss, plaintiff relies on language from Tucker v. Board of Education that "being reduced, apparently permanently, to part-time rather than full-time employment has more of the effect of a termination . . . ."

Tucker v. Bd. of Educ. of Town of Norfolk, 4 Conn. App. 87, 93 (1985).  This language, however, was dicta distinguishing a Massachusetts case interpreting a Massachusetts statute and was referenced only by way of explaining that a tenured teacher's three-year suspension did not rise to the level of an actionable termination.  Id. As such, the case's holding ultimately cuts against plaintiff's contention.  In light of the subsequent Connecticut Supreme Court cases interpreting the TTA's termination requirement, plaintiff has failed to state the deprivation of a cognizable property interest by alleging that defendant reduced her teaching position from full- to half-time.

III. Conclusion

    Accordingly, defendant's motion to dismiss [doc. # 28] is hereby granted.

    So ordered this 27th day of September 2013.

                                     /s/RNC
                            Robert N. Chatigny
                       United Stated District Judge